# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CLARENCE ANDERSON**                                                       **PLAINTIFF**
**ADC #165441**

**v.**                             **Case No: 3:20-cv-00074-LPR**

**CANDY DAVIS,** *et al*.                                         **DEFENDANTS**

## ORDER

Plaintiff Clarence Anderson ("Plaintiff"), incarcerated at the Craighead County Detention Center, filed a *pro se* complaint on March 2, 2020. (Doc. 1). Plaintiff did not pay the $400 filing fee[1] or file an application to proceed *in forma pauperis* at the time he filed his complaint.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on March 2, 2020, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Anderson v. Cook, et al*., 3:16-CV-304-JM (E.D. Ark. 2016); *Anderson v. Bowers, et al*., 3:19-CV-296-JM (E.D. Ark. 2019); and *Anderson v. Sterling, et al.,* 3:19-CV-303-BSM (E.D. Ark. 2019). Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that inmates with three strikes should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400 which includes a $50 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Plaintiff sued an IHOP employee, two Craighead County officials, and a judge in their personal and official capacities. (Doc. 1 at 1-2). Plaintiff asserts that a false report was made against him while he was incarcerated. (*Id*. at 4). He claims that Judge Bowling bound him over to Circuit Court on the matter. (*Id*.). Plaintiff states that he sought *habeas* relief and learned that he had not been officially charged with the crime. (*Id*.). He complains that despite no official charge he "was forced to sit on a charge with a $5,000 cash or surety bond" until he was "ADC sentenced." (*Id*.). Plaintiff seeks damages. (*Id*. at 5).

Plaintiff has not alleged that he is in imminent danger of serious physical injury. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to Plaintiff's failure to pay the filing fee. Plaintiff will have thirty (30) days to reopen this case by paying the $400 filing fee in full.

It is therefore ordered that:

1. Plaintiff's complaint is DISMISSED without prejudice.

2. Plaintiff has thirty (30) days from the date of this order in which to reopen this case by paying the $400 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 30th day of April 2020.

                                                            _____
                                                            LEE P. RUDOFSKY
                                                            UNITED STATES DISTRICT JUDGE